UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE MCKAY,<br>Plaintiff,<br>v.<br>YUBA COUNTY, et al.,<br>Defendants. | No. 2:25-cv-02024-DAD-JDP PS<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND</u><br><br>(Doc. Nos. 25, 30) |

Plaintiff Wayne McKay is proceeding *pro se* in the above-captioned civil rights action brought under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On June 9, 2026, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss (Doc. No. 25) should be granted and this action be dismissed without further leave to amend. (Doc. No. 30.) Specifically, the magistrate judge concluded that defendant Sheriff's Deputies Gelber and Clegg were entitled to dismissal on qualified immunity grounds. (*Id.* at 3–6; *see also* Doc. No. 23 at 3–4.) In addition, the magistrate judge found that plaintiff had failed to state a cognizable municipal liability claim against defendant Yuba County in his second amended complaint. (Doc. No. 30 at 6–7.) Finally, the magistrate judge found that because the court had already provided plaintiff guidance as to the

pleading requirements and the deficiencies in his prior complaint and he had failed to cure those noted deficiencies in his second amended complaint, it was now apparent that the granting of further leave to amend would be futile. (*Id.* at 7.)

The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.*) On June 23, 2026, the court received plaintiff's objections to the pending findings and recommendations. (Doc. No. 31.) On June 25, 2026, defendants filed a response to plaintiff's objections. (Doc. No. 32.)

In his objections plaintiff argues that the magistrate judge erred in suggesting that the defendants merely temporarily interfered with plaintiff's possession of the property in question as opposed to the approximate 7–month long dispossession that resulted. (Doc. No. 31 at 2.) Plaintiff also contends that dismissal of his second amended complaint at the pleading stage on qualified immunity grounds is premature and that under the facts alleged in the second amended complaint no reasonable deputy could have believed their conduct in this case was lawful. (*Id.* at 5–6.) Finally, plaintiff asserts that if the second amended complaint is dismissed, further leave to amend should be granted.

In their response to the objections, defendants note that plaintiff has not objected to the recommendation that his Fourth Amendment claim for wrongful seizure of his person or his *Monell* claim be dismissed and that his objections are solely addressed to the recommendation to dismiss his Fourth Amendment interference with property rights claim. (Doc. No. 32 at 4.) Defendants also argue that plaintiff's objections as to the magistrate judge's analysis related to the latter claim lack merit. (*Id.* at 4–6.)

In his objections, plaintiff takes issue with what he asserts was the magistrate judge's characterization of the events that took place in the late afternoon of July 21, 2023 as a temporary interruption of his possession of his property in order to maintain the peace between two people claiming valid possession, suggesting that the named defendants actually acted so as to deprive him of his property for approximately seven months under threat of arrest. (Doc. 31 at 2–7.) However, plaintiff's second amended complaint contains no allegations regarding the purported actions of the defendants other than those taken around 5:00 p.m. on July 21, 2023 and shortly

thereafter. Accordingly, the court finds plaintiff's objection on this basis to be unpersuasive in light of the lack of facts alleged in the second amended complaint which, if proven, would establish any nexus between the defendants' alleged actions and the asserted deprivation. Plaintiff also argues that dismissal on qualified immunity grounds is premature. It is true that in some contexts, development of the factual record is necessary in order for the court to determine whether defendants are entitled to qualified immunity. However, where, as here, under the facts as alleged by plaintiff the defendants are entitled to qualified immunity as a matter of law, the court may address the issue on a motions to dismiss. *Groten v. California*, 251 F.3d 844, 851 (9th Cir.2001) ( "[A] Rule 12(b)(6) dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies."); *see also Do No Harm v. David Geffen School of Medicine at UCLA*, 812 F.Supp.3d 1035, 1043 (C.D. Cal. 2025) ("To prevail on this aspect of their Motion, Defendants must show that, assuming the truth of Block and Lucero's alleged acts, Plaintiffs' claims against them are barred by qualified immunity.). The undersigned adopts the conclusion reached by the magistrate judge that under the unique circumstances alleged by plaintiff in his operative complaint that the defendant deputies are entitled to qualified immunity. Finally, plaintiff objects in summary fashion to dismissal of his second amended complaint without further leave to amend. However, as noted by the findings and recommendations, plaintiff has had the opportunity to amend his complaint with guidance as to the deficiencies in his first amended complaint and has failed to cure them, thus supporting the conclusion that further lave to amend would be futile.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on June 9, 2026 (Doc. No. 30) are adopted in full;
2. Defendants' motion to dismiss (Doc. No. 25) plaintiff's second amended complaint is granted without further leave to amend;

3. The Clerk of the Court is directed to enter judgment in favor of defendants and to close this case.

IT IS SO ORDERED.

Dated: **September 18, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE